## SOCIETY FOR THE PROPAGATION OF THE GOSPEL
### *vs.* THOMAS HALL.

In a writ of entry, when the tenant pleads the general issue, as to an undivided part of the demanded premises, and as to the residue undivided disclaims, and the demandant replies to the disclaimer, that the tenant entered into the part disclaimed, &c., upon which issue is joined; if the jury find the issue upon the plea of disclaimer, in favor of the demandant, he will be entitled to costs.

THIS was a writ of entry, in which the demandants counted upon their seisin of lot No. 4, in the eighth range of lots in Concord, in this county.

The tenant pleaded as to sixty-nine undivided parts of the said lot, into seventy parts divided, that he never disseized; and as to one-seventieth part, he disclaimed.

The demandants joined the general issue, and as to the part disclaimed they replied, that at the time of the commencement of the action, the tenant held, and since hath held the same part of the demanded premises in manner and form as by their said writ is supposed, and this they prayed might be inquired of by the country, and the tenant did the like.

The cause was tried here at November term, 1819, when the jury found by their verdict, " that the said *Thomas*, at the time of the commencement of this suit, did hold, and since hath held, the said seventieth part of said demanded premises in manner and form as the demandants in their replication have alleged, and as to the residue that the said *Thomas* did not disseize in manner and form," &c.; and the question was, whether the demandants were entitled to costs.

*P. R. Freeman*, for the demandants.

*J. Smith*, for the tenant.

RICHARDSON, C. J.    The title of the demandants to one undivided seventieth part of the demanded premises is admitted by the tenant in his pleas, and the jury have found that he disseized the demandants of that part. The demandants then have fully maintained their writ, and we are altogether at a loss to conjecture why the demandants are not entitled to costs.   If the tenant had pleaded the general issue to the whole, and the jury had found that he disseized the demandants only of one-seventieth part, it is not to be

doubted that the demandants must have recovered their costs, and we have no doubt that they are entitled to costs upon the present pleadings and verdict, since the material allegations in the disclaimer have been found by the jury to be false.

We are aware that it has been sometimes said in this state, that when in a writ of entry the tenant disclaims a part by metes and bounds, or an undivided part, that the demandant is not at liberty to maintain his writ as to the part disclaimed, and we have no doubt that the law would be so, if the demandant could recover no costs in a writ of entry. But the party prevailing in a writ of entry, is in this state entitled to costs. And as it is well settled that when the tenant disclaims the whole demanded premises, the demandant may maintain his writ, for the purpose of recovering costs, it seems to us there is no reason why he should not maintain his writ for the same purpose, when the tenant disclaims a part. The demandants have been in this case disseized, and have been driven to bring their writ of entry to regain their seisin. They are, in our opinion, not only legally, but equitably, entitled to costs.